IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LONGEVIQUEST, LLC,

    Plaintiff,

v.

WACLAW JAN KROCZEK, an individual,

    Defendant.

_____/

## VERIFIED COMPLAINT

Plaintiff, LongeviQuest, LLC (hereinafter "LQ"), by and through undersigned counsel, hereby sues Defendant, Waclaw Jan Kroczek, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the Defendant's unauthorized reproduction of LQ's original copyrighted work of authorship. Accordingly, Plaintiff seeks relief under the Copyright Act, 17 U.S.C. § 106.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 *et seq*. and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant pursuant to Florida Statutes §§48.193(1)(a)(2) and 48.193(2), Florida's Long Arm Statute, because the Defendant has committed a tortious act within the State of Florida through its acts or omissions while being outside of the State, and those acts or omissions have caused injury to Plaintiff, who resides in Florida. Alternatively, Defendant has engaged in substantial and not isolated business activity in

the State of Florida, namely by providing news reporting and commentary services directed at residents of the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because this is the judicial district in which a substantial part of acts and omissions giving rise to the claim involved in this action occurred.

## PARTIES

5. Plaintiff LongeviQuest LLC, ("LQ"), is a Florida limited liability company incorporated in the State of Florida and has its principal place of business in Boca Raton, Florida.

6. Upon information and belief, Defendant Waclaw Jan Kroczek resides in Poland and owns and operates the website www.grg-supercentenarians.org, a news reporting and commentary media out through which he has published in Florida unauthorized reproductions and/or infringements of LQ's original and copyrighted works of authorship. Upon information and belief, Defendant resides in Tarnowskie Gory, Silesia Voivodeship, Poland.

## FACTS COMMON TO ALL COUNTS

7. LQ is an organization that focuses on high-level research to identify and validate the age of supercentenarians. A supercentenarian is a person who is 110 years or older. LQ's validation process includes a rigorous multi-day evaluation period by highly skilled and educated experts retained by LQ.

8. After a person is validated by LQ as a supercentenarian, LQ creates written articles and pictures which are published on LQ's website located at www.longeviquest.com. LQ registers its original works of authorship with the United Copyright Office. LQ publishes and publicly displays its copyrighted works itself and does not permit viewers to otherwise reproduce or create derivative works without LQ's written authorization or expressed consent.

2



9. LQ is the owner and registrant of copyrighted text entitled "Tomiko Itooka, World's Second Oldest Person, Turns 116" registered with the United States Copyright Office as part of the copyright registration certificate TX 9-403-635 (hereinafter referred to as the "Tomiko Itooka Work"). LQ's Tomiko Itooka Work first publication was on May 23, 2024, and registered on June 10, 2024. The Certificate of Registration is attached as **Exhibit 1**.

10. LQ is the owner and registrant of copyrighted text entitled "Shi Ping" registered with the United States Copyright Office as part of copyright registration certificate TX 9-413-855 (hereinafter referred to as the "Shi Ping Work"). LQ's Shi Ping Work first publication was on May 27, 2024, and registered on July 12, 2024. The Certificate of Registration is attached as **Exhibit 2**.

11. LQ is the owner and registrant of a copyrighted group of photographs entitled "Group registration photos by, LongeviQuest, LLC," which group includes a photograph entitled "DSC00529," which was registered with the United States Copyright Office as part of copyright registration certificate VA 2-410-740 (hereinafter referred to as the "Elizabeth Francis Work 1"). LQ's Elizabeth Francis Work 1 was published for the first time on July 30, 2023, and registered on May 22, 2024. The Certificate of Registration is attached as **Exhibit 3**.

12. LQ is the owner and registrant of a copyrighted group of photographs entitled "Group registration photos by, LongeviQuest, LLC," which group includes a photograph entitled "DSC00232," which was registered with the United States Copyright Office as part of copyright registration certificate VA 2-410-740 (hereinafter referred to as the "Elizabeth Francis Work 2"). LQ's Elizabeth Francis Work 2 was published for the first time on July 30, 2023, and registered on May 22, 2024. See **Exhibit 3**.

13. LQ is the owner and registrant of a copyrighted group of photographs entitled "Group registration photos by, LongeviQuest, LLC," which group includes a photograph entitled

3



"DSC02747," which was registered with the United States Copyright Office as part of copyright registration certificate VA 2-409-891 (hereinafter referred to as the "Elizabeth Francis Work 3"). LQ's Elizabeth Francis Work 3 was published for the first time on April 20, 2024, and registered on July 5, 2024. See **Exhibit 4**.

14. The foregoing registered works are hereinafter collectively referred to as the "Registered Works."

15. LQ's has complied in all respects with 17 U.S.C. §§ 101 *et seq* and 17 U.S.C. § 412(2), securing the exclusive ownership and other rights and privileges in and to the Registered Works within 3 months of their first publication.

16. Defendant owns and operates a website located at www.grg-supercentenarians.org, which is a news reporting and commentary media outlet.  Defendant has used its website to infringement Plaintiff's rights in and to the Registered Works.

## COUNT I
## Copyright Infringement of TX 9-403-635 "Tomiko Itooka Work"

17. LQ repeats and incorporates each and every allegation in paragraphs 1 through 16, as if fully stated herein.

18. Defendant published infringing copies of LQ's Tomiko Itooka Work through its website located at www.grg-supercentenarians.org.

19. Upon information and belief, Defendant first published the infringing material on or about May 23, 2024.

20. LQ has not licensed or given any consent, written or otherwise, to Defendant to reproduce its copyrighted work. LQ has also not been compensated for Defendant's use of the Tomiko Itooka Work, which is substantially similar or identical to LQ's copyrighted work.

4



21. Based on information and belief, Defendant had access to LQ's Tomiko Itooka Work, including, without limitation, through LQ's website.

22. Defendant's acts constitute an infringement of LQ's copyright rights, including the applicable exclusive rights set forth in 17 U.S.C. § 106.

23. Defendant owns and operates the website www.grg-supercentenarians.org, publishing the unauthorized reproduction of LQ's original copyrighted work of authorship in Florida.

24. Based on information and belief, Defendant has realized profits as a direct and proximate result of his wrongful conduct.

25. Based on information and belief, Defendant has engaged in targeting LQ's website to misappropriate LQ's Tomiko Itooka Work for Defendant's commercial gain.

26. Defendant's website, www.grg-supercentenarians.org, publishing the unauthorized use of LQ's Tomiko Itooka Work is accessible in Florida.

27. As a direct and proximate result of the infringement by Defendant, LQ has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. LQ is, therefore, entitled to a permanent injunction restraining and enjoining the infringing conduct.

28. As a direct and proximate result of the infringement by Defendant, LQ is entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to his infringing conduct, and an accounting of and a constructive trust with respect to such profits.

29. Alternatively, LQ is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. §504(c).

5



30. LQ is further entitled to recover their full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT II
### Copyright Infringement of TX 9-413-855 "Shi Ping Work"

31. LQ repeats and incorporates each and every allegation in paragraphs 1 through 16, as if fully stated herein.

32. Defendant published infringing copies of LQ's Shi Ping Work through its website located at www.grg-supercentenarians.org.

33. Upon information and belief, Defendant first published the infringing material on or about July 1, 2024.

34. LQ has not licensed or given any consent, written or otherwise, to Defendant to reproduce its copyrighted work. LQ has also not been compensated for Defendant's use of the Shi Ping Work, which is substantially similar or identical to LQ's copyrighted work.

35. Based on information and belief, Defendant had access to LQ's Shi Ping Work, including, without limitation, through LQ's website.

36. Defendant's acts constitute an infringement of LQ's copyright rights, including the applicable exclusive rights set forth in 17 U.S.C. § 106.

37. Defendant owns and operates the website www.grg-supercentenarians.org, publishing the unauthorized reproduction of LQ's original copyrighted work of authorship in Florida.

38. Based on information and belief, Defendant has realized profits as a direct and proximate result of his wrongful conduct.

39. Based on information and belief, Defendant has engaged in targeting LQ's website to misappropriate LQ's Shi Ping Work for Defendant's commercial gain.

6



201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

40. Defendant's website, www.grg-supercentenarians.org, publishing the unauthorized use of LQ's Shi Ping Work is accessible in Florida.

41. As a direct and proximate result of the infringement by Defendant, LQ has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. LQ is, therefore, entitled to a permanent injunction restraining and enjoining the infringing conduct.

42. As a direct and proximate result of the infringement by Defendant, LQ is entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to his infringing conduct, and an accounting of and a constructive trust with respect to such profits.

43. Alternatively, LQ is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. §504(c).

44. LQ is further entitled to recover their full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT III
### Copyright Infringement of VA 2-410-740 "Elizabeth Francis Work 1"

45. LQ repeats and incorporates each and every allegation in paragraphs 1 through 16, as if fully stated herein.

46. Defendant published infringing copies of LQ's Elizabeth Francis Work 1 through its website located at www.grg-supercentenarians.org. A side-by-side comparison of LQ's Elizabeth Francis Work 1 and the infringing work reproduced on Defendant's website is shown:

BERGER SINGERMAN
201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

| Elizabeth Francis Work 1 | LQ's Work on Defendant's Website |
|---|---|
|  |  |

47. Upon information and belief, Defendant first published the infringing material on or about July 25, 2024.

48. LQ has not licensed or given any consent, written or otherwise, to Defendant to reproduce its copyrighted work. LQ has also not been compensated for Defendant's use of Elizabeth Francis Work 1, which is substantially similar or identical to LQ's copyrighted work.

49. Based on information and belief, Defendant had access to LQ's Elizabeth Francis Work 1, including, without limitation, through LQ's website.

50. Defendant's acts constitute an infringement of LQ's copyright rights, including the applicable exclusive rights set forth in 17 U.S.C. § 106.

51. Defendant owns and operates the website www.grg-supercentenarians.org, publishing the unauthorized reproduction of LQ's original copyrighted work of authorship in Florida.

52. Based on information and belief, Defendant has realized profits as a direct and proximate result of his wrongful conduct.

53. Based on information and belief, Defendant has engaged in targeting LQ's website to misappropriate LQ's Elizabeth Francis Work 1 for Defendant's commercial gain.

8



201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

54. Defendant's website, www.grg-supercentenarians.org, publishing the unauthorized use of LQ's Elizabeth Francis Work 1 is accessible in Florida.

55. As a direct and proximate result of the infringement by Defendant, LQ has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. LQ is, therefore, entitled to a permanent injunction restraining and enjoining the infringing conduct.

56. As a direct and proximate result of the infringement by Defendant, LQ is entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to his infringing conduct, and an accounting of and a constructive trust with respect to such profits.

57. Alternatively, LQ is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. §504(c).

58. LQ is further entitled to recover their full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

### COUNT IV
### Copyright Infringement of VA 2-410-740 "Elizabeth Francis Work 2"

59. LQ repeats and incorporates each and every allegation in paragraphs 1 through 16, as if fully stated herein.

60. Defendant published infringing copies of LQ's Elizabeth Francis Work 2 through its website located at www.grg-supercentenarians.org. A side-by-side comparison of LQ's Elizabeth Francis Work 2 and the infringing work reproduced on Defendant's website is shown below:



Figure 3

61. Upon information and belief, Defendant first published the infringing material on or about July 25, 2024

62. LQ has not licensed or given any consent, written or otherwise, to Defendant to reproduce its copyrighted work. LQ has also not been compensated for Defendant's use of Elizabeth Francis Work 2, which is substantially similar or identical to LQ's copyrighted work.

63. Based on information and belief, Defendant had access to LQ's Elizabeth Francis Work 3, including, without limitation, through a third-party website authorized by LQ to only publish LQ's Elizabeth Francis Work 3.

64. Defendant's acts constitute an infringement of LQ's copyright rights, including the applicable exclusive rights set forth in 17 U.S.C. § 106.

65. Defendant owns and operates the website www.grg-supercentenarians.org, publishing the unauthorized reproduction of LQ's original copyrighted work of authorship in Florida.

66. Based on information and belief, Defendant has realized profits as a direct and proximate result of his wrongful conduct.

67. Based on information and belief, Defendant has engaged in targeting third-party

10



websites authorized by LQ to publish LQ's Elizabeth Francis Work 3 to misappropriate LQ's Elizabeth Francis Work 3 for Defendant's commercial gain.

68. Defendant's website, www.grg-supercentenarians.org, publishing the unauthorized use of LQ's Elizabeth Francis Work 2 is accessible in Florida.

69. As a direct and proximate result of the infringement by Defendant, LQ has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. LQ is, therefore, entitled to a permanent injunction restraining and enjoining the infringing conduct.

70. As a direct and proximate result of the infringement by Defendant, LQ is entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to his infringing conduct, and an accounting of and a constructive trust with respect to such profits.

71. Alternatively, LQ is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. §504(c).

72. LQ is further entitled to recover their full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

**COUNT V**
**Copyright Infringement of VA 2-409-891 "Elizabeth Francis Work 3"**

73. LQ repeats and incorporates each and every allegation in paragraphs 1 through 16, as if fully stated herein.

74. Defendant published infringing copies of LQ's Elizabeth Francis Work 3 through its website located at www.grg-supercentenarians.org.  A side-by-side comparison of LQ's Elizabeth Francis Work 3 and the infringing work reproduced on Defendant's website is shown below:

11

BERGER SINGERMAN

201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

| Elizabeth Francis Work 3 | LQ's Work on Defendant's Website |
|---|---|
|  | |

Figure 4

75. Upon information and belief, Defendant first published the infringing material on or about July 25, 2024.

76. LQ has not licensed or given any consent, written or otherwise, to Defendant to reproduce its copyrighted work. LQ has also not been compensated for Defendant's use of Elizabeth Francis Work 3, which is substantially similar or identical to LQ's copyrighted work.

77. Based on information and belief, Defendant had access to LQ's Elizabeth Francis Work 2, including, without limitation, through LQ's website.

78. Defendant's acts constitute an infringement of LQ's copyright rights, including the applicable exclusive rights set forth in 17 U.S.C. § 106.

79. Defendant owns and operates the website www.grg-supercentenarians.org, publishing the unauthorized reproduction of LQ's original copyrighted work of authorship in Florida.

80. Based on information and belief, Defendant has realized profits as a direct and proximate result of his wrongful conduct.

81. Based on information and belief, Defendant has engaged in targeting LQ's website

12



201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
*t:* (954) 525-9900 | *f:* (954) 523-2872 | WWW.BERGERSINGERMAN.COM

to misappropriate LQ's Elizabeth Francis Work 2 for Defendant's commercial gain.

82. Defendant's website, www.grg-supercentenarians.org, publishing the unauthorized use of LQ's Elizabeth Francis Work 3 is accessible in Florida.

83. As a direct and proximate result of the infringement by Defendant, LQ has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. LQ is, therefore, entitled to a permanent injunction restraining and enjoining the infringing conduct.

84. As a direct and proximate result of the infringement by Defendant, LQ is entitled to damages and to Defendant's profits pursuant to 17 U.S.C. § 504(b) attributable to his infringing conduct, and an accounting of and a constructive trust with respect to such profits.

85. Alternatively, LQ is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. §504(c).

86. LQ is further entitled to recover their full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court find against Defendant on all causes of action herein and:

A. Enter a finding that Defendant has infringed Plaintiff's Registered Works in violation of 17 U.S.C. § 501;

B. Order Defendant to account for all profits from his infringement of Plaintiff's Registered Works;

C. Order Defendant to pay to Plaintiff:

(1) Pursuant to 17 U.S.C. § 504, Defendant's profits and all damages sustained by Plaintiff, or, in the alternative, at Plaintiff's election, statutory damages against Defendant

13

BERGER SINGERMAN

201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

pursuant to 17 U.S.C. § 504(c).

  (2)  Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

  (3)  Plaintiff's pre- and post- judgment interests according to law.

 D. Pursuant to 17 U.S.C. § 503, order the impounding of all copies claimed to have been made or used in the violation of LQ's exclusive copyright rights and all copies of articles by means of which such copies may be reproduced;

 E. Pursuant to 17 U.S.C. § 502(c), temporarily, preliminarily, and permanently enjoin and restrain Defendant and those persons and/or entities in active concert or participation with Defendant from reproducing, displaying, distributing, or otherwise infringing Plaintiff's copyrighted works; and

 F. Order that Plaintiff be awarded such other and further relief as the Court finds just.

Dated: September 16, 2024        Respectfully submitted,

                BERGER SINGERMAN LLP
                *Attorneys for Plaintiff*
                201 East Las Olas Boulevard
                Suite 1500
                Fort Lauderdale, FL 33301
                Main: (954) 525-9900

                By: */s/ Geoffrey Lottenberg*
                   Geoffrey Lottenberg
                   Florida Bar No. 56240
                   glottenberg@bergersingerman.com
                   David Colls
                   Florida Bar No. 1044040
                   dcolls@bergersingerman.com
                   drt@bergersingerman.com

## VERIFICATION

I, Benjamin J. Meyers, on behalf of LONGEVIQUEST, LLC, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing verified complaint are true and correct.

_____
Benjamin J. Meyers

9/12/2024
_____
Date

BERGER SINGERMAN
201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM